HOLLANDER
*v.*
HIS CREDITORS

</div>

---

## MARSH AND COMPTON *v.* ROBERT PERRY.

New forms of judgment should not be used ; nor should it be left doubtful by the judgment, whether the case has been closed forever, or is still left open for another suit.

Novation is not to be presumed. The receipt of a note or bill for the amount of debt, is not necessarily a novation or extinguishment of the debt for which it is given.

The plaintiffs sued for a debt alleged to be due by a commercial firm, of which the defendant was a member. The defence was, that the debt had been novated by a draft which was not produced, and which was barred by prescription. It did not appear from the evidence, that the name of the defendant, or the firm, was on the draft. *Held:* That the debt was not novated, and that, the draft being barred by prescription, the plaintiffs were not bound to indemnify the defendant against its re-appearance.

APPEAL from the District Court of Vermillion, *Voorhies,* J. *J. W. Walker,* for plaintiffs. *C. H.* and *E. Mouton,* for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. In 1839, the defendant was doing business, as a merchant, under the firm of *Kibbe* and *Perry,* in the parish of Avoyelles. The firm bought of *Marsh* and *Compton,* the plaintiffs, of the city of New York, goods and mer-

MARSH AND
COMPTON
*v.*
PERRY.

chandise which, with the charges, amounted to $1940 90, on a credit of six months. The evidence shows, that this account was settled by a draft of the plaintiffs on *Kibbe* and *Perry*, which was verbally accepted by *Kibbe* as a debt due by the firm. In 1843, the partnership of *Kibbe* and *Perry* having been dissolved, judgment was confessed by *Kibbe*, before the district court in Avoy- elles, for the amount of the draft and charges, with a stay of execution, for several months; the judgment bearing ten per cent interest, from the 28th of October, 1839, the supposed date of the draft. The suit in which the judgment was confessed, was brought on the draft, which, it was alleged, had been mislaid, and the draft does not appear to have been produced, nor was it so required by the defendant.

The present suit was instituted against *Perry*, in the parish of Vermillion, in 1849, on the account of the articles sold, without any notice of the draft received by the plaintiffs or the judgment obtained against the other partner, *Kibbe*. The defendant pleaded the general issue, and the prescription of five and ten years. The judgment of the court below is, that the demand of the plaintiffs be rejected at their costs. The plaintiffs have appealed. The form of this judgment is new to us; and as every new *formula* requires a new interpretation, we prefer that the old forms of judgment should be observed, as they either close the case forever, or leave it open to another trial, without any room for doubt.

*Kibbe* and *Perry* having been commercial partners, it is obvious that, as their obligation to the plaintiffs was *in solido*, the judgment against one partner, is no obstacle to a judgment against the other. It is not proved that there was any extinguishment of the original account, between the plaintiffs and *Kibbe* and *Perry*, by novation. Novation is not to be presumed. The receipt of a note or bill, for the amount of a debt, is not necessarily a novation, or extinguishment of the debt for which it is given. The only remaining question is, whether the outstanding draft is an impediment to the plaintiffs' recovery.

It is not proved, that the name of the firm was upon the draft; the proof is, that it was accepted by *Kibbe*, verbally, as a debt due by the firm; and besides the obligation of the defendant on the draft, if any existed, has been extinguished by the prescription of five years, which the defendant himself has pleaded.

This state of facts offers no impediment to the plaintiffs' recovery on the original debt, nor does it require any bond of indemnity, for the benefit of the defendant against the re-appearance of the draft.

It is therefore decreed, that the judgment of the district court be reversed, and that the plaintiffs recover from the defendant, the sum of $1940 90, nineteen hundred and forty dollars and ninety cents, with interest from the 28th October, 1839, and costs in both courts.